IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS LOHMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DURYEA BOROUGH, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:05-CV-1423<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Plaintiff Nicholas Lohman's Motion for Consideration for Prejudgment Interest. (Doc. 111.) For the reasons set forth below, Plaintiff's motion will be granted, and the Court will alter the judgment to include prejudgment interest in the amount of one-thousand, seven-hundred, thirteen dollars and twenty-eight cents ($1713.28) against municipal Defendant Duryea Borough and two-hundred and eighty-five dollars and fifty-five cents ($285.55) each against individual Defendants Ann Dommes, Frank Groblewski, Audrey Yager and Joan Orloski, for a total of $2855.48 in prejudgment interest.

**BACKGROUND**

The facts of this case are well known to the parties and the Court. Therefore, the Court will only discuss the facts relevant to this motion.

This case was tried before a jury, which rendered a verdict on April 23, 2008 in favor of Plaintiff Lohman, for his First Amendment retaliation claim with respect to his assistance in filing a grievance, against Defendants Duryea Borough, Ann Dommes,

Frank Groblewski, Audrey Yager, and Joan Orloski.  (Doc. 102.)  The jury found in favor of Defendant Robert Webb, however, on Plaintiff's claim of retaliation with respect to the assistance in filing a grievance.  (Doc. 102.)   The jury also found in favor of all Defendants on Plaintiff Lohman's claims for First Amendment retaliation with respect to his union contract negotiations.  (Doc. 102.)  For Plaintiff's successful claims, the jury awarded damages for lost wages, totaling twelve-thousand, two-hundred dollars ($12,200) against Defendants Duryea Borough, Ann Dommes, Frank Groblewski, Audrey Yager, and Joan Orloski. (Doc. 102.)  On May 6, 2008 Plaintiff filed a motion for prejudgment interest. (Doc. 111.)

This motion is fully briefed and ripe for disposition.

**DISCUSSION**

Plaintiff Nicholas Lohman argues that he is entitled to prejudgment interest on his award of twelve-thousand, two-hundred dollars ($12,200), to be calculated from the time of furlough until the date of judgment, because it constitutes an award of "back pay."

In *Robinson v. Fetterman*, 387 F. Supp. 2d 483 (E.D. Pa. 2005), Judge Bartle considered whether a successful plaintiff in a civil rights action pursuant to 42 U.S.C. § 1983 was entitled to prejudgment interest.  *Id.* at 483.  In *Robinson*, the Court entered judgment in favor of the plaintiff following a non-jury trial on claims for violations of plaintiff's First Amendment right to free speech and Fourth Amendment right to be free from unreasonable search and seizure.  *Id.*  The *Robinson* court entered non-economic compensatory damages of thirty-five thousand dollars ($35,000) against each defendant.

2

In considering the propriety of prejudgment interest, the court noted that "[t]he Supreme Court has held that § 1983 must be interpreted 'in light of common law principles that were well settled at the time of its enactment.'" *Id.* at 484 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)). As Section 1983 is silent on the question of prejudgment interest, the court looked to the common law principles at the time the statute was enacted in 1871. *Id.* The court noted that "in a personal injury action prejudgment interest for non-liquidated damages was not available at that time." *Id.*

The *Robinson* court also noted that damages pursuant to Section 1983 "must be governed by 'the principle that a person should be compensated fairly for injuries caused by violation of his legal rights.'" *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247, 257 (1978)). In discussing this principle, the court cited the Third Circuit Court of Appeals opinion of *Savarese v. Agriss*, 883 F.2d 1194 (3d Cir. 1989), which held that "in federal question cases 'an award of prejudgment interest would generally be committed to the discretion of the district court.'" *Robinson*, 387 F. Supp. 2d at 485 (quoting *Savarese*, 883 F.2d at 1207).

*Robinson* also considered the Third Circuit Court of Appeals case *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270 (3d Cir. 1987), *abrogated on other grounds by Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990)). In considering when prejudgment interest is appropriate, *Poleto* differentiated between prejudgment interest awards based on economic harms and non-economic harms. *Id.* at 1278. Specifically, the *Poleto* court held that it would be inappropriate for prejudgment interest to be granted for non-economic awards. *Id.* at 1278 n.14.

In fashioning its decision, the *Robinson* court considered both *Poleto* and *Savarese*. In denying the plaintiff's request for prejudgment interest, the *Robinson* court held that:

> [t]he purpose of prejudgment interest is to make a party whole. The plaintiff's damages here were unliquidated. There was no economic loss. Even if the court had discretion under such circumstances to allow prejudgment interest under § 1983 or § 1988, the judgment of $35,000 awarded plaintiff for compensatory damages, in the court's view, has made him whole.

*Robinson*, 387 F. Supp. 2d at 485.

Therefore, this Court must first consider whether the damages in this case are economic or non-economic damages. Here, the damages portion of the verdict slip was separated into two (2) parts. Question 7 reads "Please state the amount, if any, that will fairly compensate Plaintiff Lohman for damages of *wage loss* that Plaintiff Lohman suffered as a result of exercising his First Amendment rights." (Doc. 102) (emphasis added). Question 8 reads "Please state the amount, if any, that will fairly compensate Plaintiff Lohman for damages *other* than wage loss that Plaintiff Lohman suffered as a result of exercising his First Amendment rights." (Doc. 102) (emphasis in original). Therefore, the special verdict slip separated economic and non-economic damages. The amount of $12,200 in the special verdict slip is clearly delineated as economic damages. *See also Midnight Sessions, Ltd. v. City of Philadelphia*, Civ. A. No. 90-0132, 1990 WL 173973, at *1 (E.D. Pa. Nov. 6, 1990) (holding that a factor in determining prejudgment interest is whether the verdict slip segregates economic and non-economic damages).

As the Court has determined the propriety of prejudgment interest, the Court must

now consider the manner in which to calculate interest.  In *Taylor v. Cent. Pennsylvania Drug and Alcohol Servs. Corp.*, 890 F. Supp. 360 (M.D. Pa. 1995) (McClure, J.), Judge McClure noted that under Title VII, there is no statutory rate that governs the calculation of interest on back pay.  *Id.* at 368.  The court further noted that there is no consensus among the courts as to the method of computing prejudgment interest on a back pay award.  *Id.*  The court noted that some courts utilize the interest rate found in 28 U.S.C. § 1961 under presumption that pre- and post-judgment interest should be calculated the same way.  *Id.*  However, the court found this rate to be inappropriate, noting that in amending Section 1961, Congress deleted a suggested provision making the statute applicable to prejudgment interest.  *Id.* at 368-69 (citing *Hollie v. Korean Air Lines, Co., Ltd.*, 834 F. Supp. 65, 70 (S.D.N.Y. 1993), citing 127 CONG. REC. 29865 (daily ed. Dec. 8, 1981) (Statement of Sen. Grassley)).   The court noted that some courts use the Internal Revenue Services ("IRS") adjusted prime rate found at 26 U.S.C. § 6621.  *Id.* at 369.  Finally, the court noted that some courts devise their own method of arriving at a fair prejudgment interest rate.  *Id.*

In *Taylor*, the court held that the IRS overpayment rates in 26 U.S.C. § 6621(a)(1) were the most consistent with "plac[ing] the plaintiff in the position she would have been in had she not been unlawfully deprived of her salary."  *Id.*  The court chose to use overpayment rates, rather than underpayment rates, because the overpayment rates better reflected lost investment opportunities.  *Id.*

Like *Taylor*, this Court will use the IRS overpayment rates.  Although this case considers back pay pursuant to Section 1983, the rationale for calculation of prejudgment

interest on back pay in a Section 1983 case does not differ from the rationale for calculating prejudgment interest in a Title VII case. Therefore, the Court will calculate simple interest using the IRS overpayment rates. The rates are adjusted quarterly, and this opinion lists each quarter's interest rate along with the calculation of prejudgment interest that accrued during that quarter.[1] 26 U.S.C. § 6621. The Court will begin its calculation of prejudgment interest on the date Plaintiff Lohman was furloughed, January 21, 2005. As judgment was entered on April 28, 2008, the calculation of prejudgment interest ends on that date. The Court will calculate interest as to each Defendant, rather than the total amount of the judgment.

To calculate the appropriate amount of prejudgment interest, the Court will multiply the interest rate in effect during the relevant quarter by the amount owed by the defendant. The Court will then divide that number by four (4) to find the interest payment for that quarter.

The Court will first consider the prejudgment interest owed by municipal Defendant Duryea Borough on the seven-thousand, three-hundred and twenty dollars ($7320) in lost wages found by the jury.

| Time Period | IRS Overpayment Interest Rate | Prejudgment Interest |
| --- | --- | --- |
| January 21, 2005 - March 31, 2005 | 5% | $69.19 |

---

[1] The prejudgment interest calculated for January 21, 2005 through March 31, 2005 and for April 1, 2008 through April 28, 2008 are calculated on a per diem basis.

| | | |
|---|---|---|
| April 1, 2005 - June 30, 2005 | 6% | $109.80 |
| July 1, 2005 - September 30, 2005 | 6% | $109.80 |
| October 1, 2005 - December 31, 2005 | 7% | $128.10 |
| January 1, 2006 - March 31, 2006 | 7% | $128.10 |
| April 1, 2006 - June 30, 2006 | 7% | $128.10 |
| July 1, 2006, - September 30, 2006 | 8% | $146.40 |
| October 1, 2006 - December 31, 2006 | 8% | $146.40 |
| January 1, 2007 - March 31, 2007 | 8% | $146.40 |
| April 1, 2007 - June 30, 2007 | 8% | $146.40 |
| July 1, 2007 - September 30, 2007 | 8% | $146.40 |
| October 1, 2007 - December 31, 2007 | 8% | $146.40 |
| January 1, 2008 - March 31, 2008 | 7% | $128.10 |
| April 1, 2008 - April 28, 2008 | 6% | $33.69 |
| | **Total** | $1713.28 |

The Court will add prejudgment interest against Duryea Borough in the amount of $1713.28.

The Court will next consider the prejudgment interest owed by each individual Defendant. The prejudgment interest will be calculated on the $1220 owed each by Ann Dommes, Frank Groblewski, Audrey Yager, and Joan Orloski.

| Time Period | IRS Overpayment Interest Rate | Prejudgment Interest |
| --- | --- | --- |
| January 21, 2005 - March 31, 2005 | 5% | $11.53 |
| April 1, 2005 - June 30, 2005 | 6% | $18.30 |
| July 1, 2005 - September 30, 2005 | 6% | $18.30 |
| October 1, 2005 - December 31, 2005 | 7% | $21.35 |
| January 1, 2006 - March 31, 2006 | 7% | $21.35 |
| April 1, 2006 - June 30, 2006 | 7% | $21.35 |
| July 1, 2006, - September 30, 2006 | 8% | $24.40 |
| October 1, 2006 - December 31, 2006 | 8% | $24.40 |
| January 1, 2007 - March 31, 2007 | 8% | $24.40 |

| | | |
|---|---|---|
| April 1, 2007 - June 30, 2007 | 8% | $24.40 |
| July 1, 2007 - September 30, 2007 | 8% | $24.40 |
| October 1, 2007 - December 31, 2007 | 8% | $24.40 |
| January 1, 2008 - March 31, 2008 | 7% | $21.35 |
| April 1, 2008 - April 28, 2008 | 6% | $5.62 |
| | **Total** | $285.55 |

Therefore, each individual Defendant owes two-hundred and eighty-five dollars and fifty-five cents ($285.55). The Court will amend the judgment to include a prejudgment interest amount of two-hundred and eighty-five dollars and fifty-five cents ($285.55) against each individual Defendant, and one-thousand, seven-hundred and thirteen dollars and twenty-eight cents ($1713.28) against municipal Defendant Duryea Borough, for a total prejudgment interest award of two-thousand, eight-hundred and fifty-five dollars and forty-eight cents ($2855.48).

## CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's motion and will award prejudgment interest in the amount of one-thousand, seven-hundred and thirteen dollars and twenty-eight cents ($1713.28) against municipal Defendant Duryea Borough and two-hundred and eighty-five dollars and fifty-five cents ($285.55) each against individual Defendants Ann Dommes, Frank Groblewski, Audrey Yager and Joan Orloski.

An appropriate Order shall follow.

<u>July 1, 2008</u>                              <u>/s/ A. Richard Caputo</u>
Date                                                    A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS LOHMAN, | |
| Plaintiff, | NO. 3:05-CV-1423 |
| v. | |
| DURYEA BOROUGH, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this __1st__ day of July 2008, **IT IS HEREBY ORDERED** that Plaintiff Nicholas Lohman's Motion for Consideration for Prejudgment Interest (Doc. 111) is **GRANTED**. The judgment is hereby amended to include in prejudgment interest payments as follows:

(1) Prejudgment interest will be added in the amount of one-thousand, seven-hundred and thirteen dollars and twenty-eight cents ($1713.28) against Defendant Duryea Borough.

(2) Prejudgment interest will be added in the amount of two-hundred and eighty-five dollars and fifty-five cents ($285.55) against Defendant Ann Dommes.

(3) Prejudgment interest will be added in the amount of two-hundred and eighty-five dollars and fifty-five cents ($285.55) against Defendant Frank Groblewski.

(4) Prejudgment interest will be added in the amount of two-hundred and eighty-five dollars and fifty-five cents ($285.55) against Defendant Audrey Yager.

(5) Prejudgment interest will be added in the amount of two-hundred and eighty-five dollars and fifty-five cents ($285.55) against Defendant Joan Orloski.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge